[Crim. No. 9669. Third Dist. Nov. 29, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL ANDREW NEMIE, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpaster and Ezra Hendon, Chief Assistant State Public Defenders, and Ted W. Isles and Mark L. Christiansen, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General,

Roger E. Venturi, Maureen A. Daly and John Duree, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EVANS, J.**—Defendant appeals from a judgment entered after a jury found him guilty of forcible rape. (Pen. Code, § 261, subd. 2.)

At approximately 10:20 p.m. on September 20, 1977, Vickie A., a 17-year-old girl, was struck from behind as she was walking on Swain Road in Stockton. She was then hit in the mouth and knocked to the ground. She was helped up and told that if she did not do as the person wanted, he would kill her. A witness observed the attack on Vickie and called the sheriff's department.

Vickie was led to the back of a church where her assailant ordered her to put her shirt over her head and to take off her pants; he then forced her to the ground and removed her panties. She testified that after hearing the sound of a belt and a zipper, her attacker got on top of her and placed his penis in her. She was told to put her legs in the air and to keep her knees up before the person got on top of her. She could feel his shirt against her stomach while he was on top of her for a minute or two. He abruptly got up, and she heard: " 'Sheriff's Department. Freeze.' "

Officers McKee and Turnbeaugh responded to the church at approximately 10:30 p.m. and observed a person lying on the ground and another approximately 12 feet away running; he ordered the subject to halt and identified himself as a sheriff's deputy. McKee chased the fleeing culprit; and when he was apprehended, he was wearing only a T-shirt, was nude from the waist down, and his penis was semi-erect.

Before either officer asked any questions, defendant stated that he had not raped anyone and that the victim was his girl friend. When asked, he could not remember her name. At the sheriff's office, the defendant was advised of his constitutional rights and stated: " 'She is my girl friend, Man. She just doesn't want her parents to find out we have been making love. Fucking women are all alike. I've had it with them.' "

At the scene of the attack when questioned by Officer Turnbeaugh, Vickie A. stated that she did not know whether she had been penetrated by a finger or a penis. However, later at the hospital, Vickie told a female

deputy that penetration had been accomplished by a penis. She also told the deputy that defendant told her not to tell anybody that she had been "fucked."

There was evidence that Vickie's vagina had been lacerated by a blunt object; the medical testimony was that it could have been caused by a finger or a penis. Physical examination by a resident gynecologist at the hospital failed to disclose semen in or on Vickie. However, the doctor concluded from other physical evidence that she had had intercourse against her will.

The doctor testified that in rape cases, semen is found in the victim in less than 50 percent of the cases.

■ Defendant's sole contention is that the court committed reversible error when his motion for a hearing out of the jury's presence to determine whether "the complaining witness has not had sufficient prior sexual experience to be capable of possessing the requisite knowledge whether a sexual penetration did in fact occur, . . ." was denied. Defendant failed to make an offer of proof as to the materiality of his attempted inquiry into the victim's prior sexual history. Curtailment of this line of questions relating to the sexual experience of the victim, absent an offer of proof, was not error. (See Evid. Code, § 1103, subd. (2). See also *People* v. *Coleman* (1970) 8 Cal.App.3d 722, 730-731 [87 Cal.Rptr. 554].) There was no showing that prior sexual experience is necessary for a rape victim to know what type of object penetrated her vagina; lack of sexual experience by the victim would not necessarily be probative. (See *People* v. *Fritts* (1977) 72 Cal.App.3d 319, 326 [140 Cal.Rptr. 94].) The trial court properly exercised its discretion under Evidence Code section 352. Moreover, if the denial of the motion was error, such error was not prejudicial. The evidence produced at trial (Vickie's testimony that she was pushed to the ground and heard a belt and zipper, that her assailant got on top of her and told her to put her legs in the air and to keep her knees up, and that she felt a shirt against her belly; the officer's testimony that defendant was nude from the waist down when apprehended and that his penis was semi-erect; and the defendant's volunteered statements and his inability to identify his girl friend, as well as his flight) indicated it to be reasonably improbable that a more favorable verdict to defendant would have resulted had exploration of Vickie's prior sexual experience been permitted. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836-837 [299 P.2d 243]; see *People* v. *Minkowski* (1962) 204 Cal.App.2d 832, 842-843 [23 Cal.Rptr. 92].)

The judgment is affirmed.

Janes, J., concurred.

**PUGLIA, P. J.**—I concur because the excluded evidence is of such tenuous relevance (if relevant at all) that its prejudicial effect far outweighs any probative value it may arguably have.

I agree with defendant that as a condition of admissibility the proponent of this evidence need not make an "offer of proof" within the strict sense of that phrase (see Evid. Code, § 354, subd. (c)). In his written motion and in the oral proceedings thereon, defendant set forth the theories upon which he based his offer. Thus, prior to ruling, the trial court was advised that defendant sought admissibility on two somewhat inconsistent bases: (1) To prove consent by reason of prior consensual acts of intercourse by the victim "with other men;" (2) to prove inability to discern the means of penetration by reason of the victim's lack of "sufficient prior sexual experience." The trial court was adequately apprised of the purpose of the offer and no further showing in the way of an offer of proof was required. (Cf. *People* v. *Burton* (1961) 55 Cal.2d 328, 344-345 [11 Cal.Rptr. 65, 359 P.2d 433].) This appeal contests only the denial of the offer in order to show inability to discern the means of penetration.

The relevance of the excluded evidence hinges upon the questionable proposition that the experience of sexual intercourse develops tactile sensitivity in the female sufficient to enable her to differentiate the means of penetration, at least as between a finger and a penis. No evidence was offered in support of this proposition (see Evid. Code, § 403, subd. (a)(1)); even if requested, judicial notice would have been improper because the proposition is not a matter of "common knowledge" (Evid. Code, § 452, subd. (g)) nor has defendant shown it to be subject to "immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code, § 452, subd. (h).)

Moreover, even assuming that some evidence of the general type proffered (as described by defendant in his trial court motion, a lack of "sufficient prior sexual experience") may have some tendency in reason to prove inability to discern the means of penetration (see Evid. Code, § 210), defendant made no effort to show at what point the amount, frequency or temporal proximity of prior sexual intercourse divests the

victim's sexual experience of probative value. Thus, if virginity is probative of the issue, would not a mere one, two, three, or even more sexual experiences, or an even greater number of sexual experiences remote in time, though of less probative weight, have some evidentiary value? The question is, of course, rhetorical. Under the circumstances however, admission of such evidence would be subversive of the legislative policy underlying the recent Robbins Rape Evidence Law (Stats. 1974, ch. 569; Evid. Code, §§ 782, 1103; see 26 Hastings L.J. 1551, 1552-1554).

For the foregoing reasons, absent a strong showing of relevance, the trial court was justified in excluding the evidence.

Appellant's petition for a hearing by the Supreme Court was denied February 1, 1979. Mosk, J., was of the opinion that the petition should be granted.